**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VERNELL WILLIAMS, et. al., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEVIN CHRISTENSEN, et. al. | : | NO. 21-915 SWR |
| | : | |

## OPINION

Before the Court[1] is Defendants' (Kevin Christensen, Liberty Truck & Trailer Leasing & Sales, LLC, and Melton Truck Lines, Inc.) Motion for Partial Summary Judgment (doc. 46).  For the reasons stated below, Defendants' Motion for Partial Summary Judgment is **GRANTED** in part and **DENIED** in part.

### I.   INTRODUCTION

This case arises out of a truck accident involving two drivers, Plaintiff, Vernell Williams, and Defendant, Kevin Christensen.  Christensen concedes that he was acting in the course and scope of his employment with Melton Truck Lines, Inc. ("Melton") at the time of the accident. Williams alleges that Christensen was also acting in the course and scope of his employment with Liberty Truck & Trailer Leasing & Sales, LLC ("Liberty").  Doc. 1, 2.  Following the close of fact discovery, all of the defendants filed the present Motion for Partial Summary Judgment (doc. 46).  Defendants seek the following relief:  dismissal of Liberty and Melton from this matter in its entirety, dismissal of Count II of the complaint, and dismissal of Liberty and Melton from Count III of the complaint.[2]  Following review of the Motion, Williams' direct negligence

---

[1] The parties voluntarily consented to proceed before me, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, and Local Rule 72.1.

[2] Williams failed to respond to Defendants' Motion for Partial Summary Judgment. He therefore waives the right to respond or to controvert the facts asserted in Defendants' motion.  *Brown v. City of*

claim against Melton fails as a matter of law.  However, since Melton conceded vicarious liability, Melton must remain party to Counts II and III of this matter.  Additionally, since Liberty failed to show that an agency relationship did not exist between it and Williams, Liberty will remain party to this action.  Accordingly, Defendants' Motion for Partial Summary Judgment is granted in part and denied in part.

## II.    FACTUAL BACKGROUND[3]

On June 18, 2019, Williams and Christensen were involved in a trucking accident at Love's Truck Stop in Upper Bern Township, Pennsylvania.  Doc. 1, 3.  Williams was driving a 2013 Blue Freightliner and Christensen was driving a 2017 White Kenworth T680.  *Id.* Defendants concede that Christensen, while attempting to park, scraped the front grill of Williams' truck with his.  Doc. 46, 11.  Williams alleges that he was asleep in the sleeper cabin of his truck during the accident.  Doc. 1, 3.  Defendants concede that Christensen was acting in the course and scope of his employment with Melton.  Doc. 46, 6.  Williams asserts that Christensen was also acting in the course and scope of his employment with Liberty.  Doc. 1, 2. Williams claims that this accident left him with serious injuries, and he seeks damages as a result.  Specifically, Williams alleges that he sustained: flexion and hyperextension injuries to Cl through C7 requiring C4-5, C5-6 anterior cervical discectomy with bilateral foraminotomies for spinal cord nerve root decompression, C4-5, CS-6 anterior cervical interbody arthrodesis, C4-5, C5-6 anterior cervical plating for instrumented fixation.  Doc. 1, 5. Williams' wife, Shabrina, seeks damages for loss of consortium.

---

*Philadelphia*, 541 F. Supp. 3d 605, 612 (E.D. Pa. 2021).  I have conducted a full analysis to determine whether granting summary judgment is appropriate.  *Id.*

[3] The facts that form the basis of my opinion are taken from the Complaint (doc. 1), Answer (doc. 11), and Motion for Partial Summary Judgment (doc. 46).

Williams filed the instant complaint on February 26, 2021.  He alleges three counts:

     (I)     Negligence against Christensen, and;

     (II)     Negligence against Liberty and Melton (direct and vicarious liability).

Shabrina Williams alleges one count:

     (III)     Loss of consortium against Christensen, Liberty, and Melton.

Neither plaintiff alleges punitive damages.[4]

Now before this Court is Defendants' Motion for Partial Summary Judgment. Defendants ask this Court to grant judgment in their favor on Count II, which includes both direct negligence and vicarious liability claims against Liberty and Melton.  Liberty and Melton also ask to be stricken from Count III.  They further ask to be dismissed from this action altogether.  Williams did not file a response to this Motion.

III.    **STANDARD OF REVIEW**

    **a.  Review of Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.56(a). In making this determination, "inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (alteration in original) (quotation marks omitted).  "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[4] In their Motion for Partial Summary Judgment, Defendants advise that "[t]here is no current claim for punitive damages since these were removed by stipulation[.]"  Doc. 46 at 11.  However, Defendants do not cite to any such stipulation in the record, and no demand for punitive damages appeared in the complaint.

249 (1986).  The party opposing summary judgment "may not rest upon the mere allegations or denials of the ... pleading; its response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  *Saldana v. Kmart Corp*., 260 F.3d 228, 232 (3d Cir.2001) (alteration in original) (quotation marks omitted).

### b.  Law Governing Claims of Direct Negligence against an Employer

While it is generally true that an employer can be subject to direct liability for negligent entrustment, instruction, supervision, monitoring, and hiring of its employees, such claims may be dismissed when 1) the employer defendant admits that its employee was acting in the scope of his or her employment at the time of the accident, and 2) the plaintiff does not have a valid claim for punitive damages against the employer defendant.  *See Carson v. Tucker,* 530 F.Supp.3d 560, 563 (E.D. Pa. 2021) (quoting *Calhoun v. Van Loon*, No. 3:12-cv-458, 2014 WL 3428876, at \*4 (M.D. Pa. July 11, 2014)).  "Under these circumstances, the overwhelming guidance among the federal district courts reviewing Pennsylvania law is to dispose of the direct liability claim."  *Id.* at 564; *see also Sterner v. Titus Transp., LP,* No. 3:cv-10-2027, 2013 WL 6506591, at \*3 (M.D. Pa. Dec. 12, 2013) (collecting cases).

## IV.    DISCUSSION

It is undisputed that Melton has agency over Christensen.  Defendants conceded this fact in their Answer (doc. 11, 2) ("Admitted that Defendant Kevin Christensen was acting in the course and scope of his employment with Defendant Melton Truck Lines, Inc.") and Motion for Partial Summary Judgment (doc. 46, 11) ("Melton Truck Lines, Inc., is vicariously liable for its employee who was in the course and scope of his employment.").

It is also undisputed that Williams has not alleged a viable punitive damages claim.  No such claim exists in Williams' complaint, and a review of the docket shows no reference to punitive damages.  Defendants state that "[t]here is no current claim for punitive damages since these were removed by stipulation," but this Court is unaware of any demand for punitive damages, or stipulation of their removal.  Doc. 46, 11.  Williams does not dispute this fact.

Since Melton admits agency over Christensen, and since Williams makes no valid claim for punitive damages, Williams' claims of independent liability against Melton fail as a matter of law.  *Carson,* 530 F.Supp.3d at 563.  However, this agency relationship also means that Melton must remain party to this matter, as Melton may still be found vicariously liable for negligence under Count II and Loss of Consortium under Count III.

In his complaint, Williams also maintained that Liberty has agency with Christensen. Doc. 1, 2.  In their answer, Defendants denied that Liberty is a "proper party to this litigation" or "has any involvement in this case, aside from ownership."  Doc. 11, 2.  However, Defendants do not reassert these defenses or offer any factual basis for their denial of agency in their Motion for Partial Summary Judgment.  Therefore, Liberty will remain party to all counts, including the negligence claim in Count II.

Since Melton remains vicariously liable and Liberty remains both independently and vicariously liable, Defendants' request to have Liberty and Melton dismissed from this matter fails.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment will be granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

*/s/ Scott W. Reid*
SCOTT W. REID, J.
UNITED STATES MAGISTRATE JUDGE

Date: March 28, 2023